IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

PATRICIA HENDERSON, )
)
    Plaintiff, )
)
v. )        Case No. 22-cv-3111
)
MAC'S CONVENIENCE STORE d/b/a )
CIRCLE K, )
)
    Defendant. )

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before this Court is Defendant Mac's Convenience Store's Motion to Dismiss (Doc. 8). For the following reasons, Defendant's Motion to Dismiss (Doc. 8) is GRANTED in part and DENIED in part.

## I.    BACKGROUND

On June 8, 2017, Patricia Henderson dual-filed a charge with the City of Springfield Office of Community Relations and the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant alleging racial discrimination. (Doc. 9, Ex. A at 1). Plaintiff alleged in her the charge that the store manager changed her work schedule and refused to schedule her for the number of hours she wanted. (*Id.*). Plaintiff also described several interactions with her store manager from April 7 through April 28,

2017, wherein her store manager, Shanta[1], asked Plaintiff to work a different shift, reduced her hours during a particular shift, and did not grant Plaintiff's requests for time off. (*Id.* at 2-3).

On June 17, 2022, Henderson filed a Complaint against Defendant, alleging violations under Title VII, the Equal Pay Act, and 42 U.S.C. § 1981. (Doc. 1 at 2). She alleged the Defendant discriminated against her based on her color, race, and sex/gender by terminating her employment, failing to promote her, failing to stop harassment, failing to reasonably accommodate her disabilities, retaliating against her because she asserted her rights, and with respect to the compensation, terms, conditions, or privileges of her employment. (*Id.* at 2-3). Specifically, Plaintiff claimed: the store manager, Shanta, unfairly changed her schedule; Jason, the district manager, listened to approximately five complaints; four other employees started treating her as the manager did; and Mike, a corporate employee, said that he spoke to Jason and told her not to call him anymore. (*Id.* at 4).

On August 18, 2023, Defendant filed its Motion to Dismiss and Memorandum in Support with Plaintiff's EEOC Charge attached as an exhibit. (Doc. 8, 9). On September 13, 2023, Magistrate Judge McNaught denied Plaintiff's Motion to Request Counsel based on Plaintiff's failure to explain what, if any, steps she took to obtain counsel or any basis for the Court to find that plaintiff is unable to competently represent herself. (Doc. 12). On September 18, 2023, Plaintiff filed a one-page response to Defendant's Motion to

---

[1] In her Complaint, Plaintiff refers to her store manager as "Shanta," but in the EEOC Charge, Plaintiff refers to her store manager as "Chanta." (Doc. 1; Doc. 9, Ex. 9). This appears to be the same individual. For uniformity, this Court will refer to the store manager as "Shanta."

Dismiss. (Doc. 13). She contended that the "two sheets of paper" attached to Defendant's Motion was not her "story" and that she'd like a chance to tell her story to the Court with an appointed lawyer. (*Id.* at 1).

On September 28, 2023, Judge McNaught denied Plaintiff's Motion to Reconsider the Denial of Her Motion to Request Counsel, explaining that Plaintiff was unable to demonstrate current efforts to recruit counsel on her own. (Sept. 28, 2023 Text Order). On December 14, 2023, this Court directed Plaintiff to file a response to Defendant's Motion to Dismiss within 21 days of the entry of its text order. (Dec. 14, 2023 Text Order). On January 4, 2024, Plaintiff filed another Motion to Reconsider the Denial of her Motion to Request Counsel. (Doc. 15). To date, Plaintiff has not substantively responded to Defendant's Motion to Dismiss.

## II.  DISCUSSION

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458.

To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court recognizes *pro se* pleadings must be liberally construed, (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), even a *pro se* complaint must contain sufficient factual allegations to allege a deprivation of a constitutional or civil right. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

    **B. Analysis**

    Defendant argues Plaintiff's Title VII claims should be dismissed for failure to exhaust administrative remedies and that the Section 1981 claims are time-barred. Defendant also contends Plaintiff's Complaint fails to plausibly state a claim for relief.

    Under Rule 12(b)(6), courts must assume the truth of the allegations in the complaint. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Therefore, as a general rule, a court cannot consider the exhibits attached to a motion to dismiss. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n. 1 (7th Cir. 2021). However, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). "It is 'well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the [plaintiffs'] complaint and are central to [their] claim'" *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (*quoting 118 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

While Plaintiff did not include a copy of her EEOC Charge with her Complaint, she explicitly references the EEOC Charge in her Complaint. (Doc. 1 at 2). The "two sheets of paper" attached to Defendant's Motion to Dismiss that Plaintiff references in her motion refer to her EEOC Charge. (Doc. 9, Ex. A). Because the EEOC Charge directly relates to the allegations of discrimination in her Complaint, this Court may properly consider the EEOC Charge.

### (1) Exhaustion of Administrative Remedies

Defendant asserts that there is "no reasonable relationship between Henderson's claims of racial discrimination in her EEOC charge and her new claims for color, race, and sex discrimination and retaliation under Title VII regarding alleged termination, failure to promote, failure to stop harassment, and protected activity."

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Company*, 937 F.3d 998, 1004 (7th Cir. 2019). To satisfy this requirement, a plaintiff must file a charge of discrimination with the EEOC before suing a defendant for that discrimination in court. 42 U.S.C. § 2000e-5(f)(1). The EEOC charge gives the employer adequate notice about the claim, and it gives the EEOC and the employer an opportunity to resolve the dispute without involving the court. *Chaidez*, 937 F.3d at 1003-04.

Once an employee brings a charge of discrimination to the EEOC and receives a right-to-sue letter, the employee may bring a suit in federal court only for those claims that were included in the EEOC charge or claims that are "like or reasonably related to

the allegations of the charge and likely to grow out of such allegations." *Id.* (*quoting Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). Claims are "like or reasonably related" when: (1) there is a reasonable relationship between the allegations in the EEOC charge and the allegations in the complaint, and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* (*quoting Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). In order to be reasonably related, "the relevant claim and the EEOC charge must, at minimum, describe the same conduct and implicate the same individuals." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015).

For instance, in *Cheek*, an insurance sales representative filed an EEOC charge against her employer, alleging that she was "constantly intimidated" by her sales manager and forced to pay her clients' insurance premiums. *Cheek*, 31 F.3d at 499. The plaintiff also checked the "sex" discrimination box as one of the bases of her charge. *Id.* at 500. Plaintiff brought suit against her employer alleging that her district manager created a hostile work environment by sexually harassing her and other female employees. *Id.* When addressing whether dismissal was proper, the Seventh Circuit determined that the plaintiff's hostile work environment claim did not arise out of her EEOC charge because it did not describe the same conduct or implicate the same individuals. *Id.* at 502. The plaintiff's EEOC charge described intimidation and forced payment of premiums and implicated her sales manager, while her complaint described sexual harassment and implicated her district manager. *Id.* The Seventh Circuit acknowledged that it could "conceive of circumstances under which a claim of sexual

harassment could be inferred from [the plaintiff's EEOC charge]," but that such an inference would be unreasonable based on the facts presented because the conduct and individuals in her EEOC charge and complaint did not match. *Id.* at 504.

In the instant case, Plaintiff alleged that she was discriminated based on her race in her EEOC Charge. Plaintiff described several interactions with Shanta from April 7 through April 28, 2017, wherein Shanta asked Plaintiff to work a different shift, told Plaintiff there was not enough work for her to be scheduled for a particular shift, and did not grant Plaintiff's requested time off. Additionally, Plaintiff alleged: Jason, the district manager, listened to about five complaints; four other employees started treating her "as the manager did;" and Mike, a corporate employee, said that he spoke to Jason and told her not to call him anymore and indicated that he has already discussed her.

Like the plaintiff in *Cheek*, Henderson added new individuals to her Complaint that engaged in different conduct than the conduct alleged in the Charge. *See Cheek*, 31 F.3d at 502. Plaintiff's Charge only focuses on her interactions with her store manager. Mike, the corporate employee, was never mentioned in the EEOC Charge, nor was there any allegation that four other employees were treating her "as the manager did." To the extent that other employees were mentioned in the Charge, the conduct at issue was related to Shanta's scheduling practices and alleged harassment. For instance, the Charge describes Shanta calling "help from another store. A girl named Natalie" or discussing Plaintiff's performance in meetings with other employees, but she never alleged that other employees harassed her or discriminated against her on the basis of her race. (*Id.*). Similarly, Plaintiff only briefly mentioned Jason in the EEOC Charge stating that after

Shanta discussed Plaintiff's behavior with him, he allegedly told Shanta to cut Plaintiffs hours if Plaintiff was not meeting expectations. This is not the same conduct that was listed in the Complaint. Because the Charge did not mention those individuals or describe the same conduct, Plaintiff did not exhaust her administrative remedies as to those individuals. Thus, the Title VII claims against Mike, the four other employees, and Jason must be dismissed. *See Chaidez*, 937 F.3d at 1003-04.

With respect to Shanta, both the Charge and the Complaint implicate her, but it only as it relates to race discrimination. The Complaint adds allegations that Defendant discriminated against her based on color and sex/gender. "When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Cheek*, 31 F.3d at 503. There is no factual support for the sex/gender discrimination claim. Nor is there any information in the Complaint or the Charge to infer that the sex/gender discrimination claim was reasonably related to the race discrimination claim. Therefore, Plaintiff did not exhaust her administrative remedies for her claims of sex discrimination.

Likewise, district courts have held that allegations of race discrimination do not "automatically create the assumption that color is associated." *Cooper v. Dart*, 2023 WL 1970694, at * 3 (N.D. Ill. Feb. 13, 2023) (*citing Williams v. Cnty of Cook*, 969 F. Supp. 2d 1068, 1078 (N.D. Ill. Aug. 28, 2013); *see also Nickerson v. US Airways, Inc.*, 2016 WL 3563807, at *4 (N.D. Ill. July 1, 2016) (collecting cases). Plaintiff does not elaborate on any factual relationship between the EEOC Charge's race discrimination claim and the Complaint's

alleged color discrimination claim such that the Court can find the color discrimination claim is reasonably related to the race discrimination claim. Accordingly, Plaintiff did not exhaust her administrative remedies for her claims of color discrimination before filing this action.

### (2) Section 1981 Claims

Section 1981 claims must be filed within four years of the alleged discriminatory act. *Riley v. Elkhart Community Schools*, 829 F.3d 886, 891 (7th Cir. 2016) (*citing* 28 U.S.C. § 1658). In this case, Plaintiff alleges in her Charge that the discrimination occurred between April 7 through April 28, 2017. Therefore, the four-year statute of limitations period ended on April 28, 2021 and she did not file her Complaint until June 17, 2022. Therefore, Plaintiff's Section 1981 claims are time-barred.

### (3) Race Discrimination Claim

Finally, Defendant argues that Plaintiff fails to plausibly state a claim for relief for her race discrimination and retaliation claims. Regarding the race discrimination claim, Defendant asserts that Plaintiff did not adequately support her claim that she suffered an adverse employment action because of her race.

"A plaintiff alleging race discrimination need not allege every evidentiary element of a legal theory to survive a motion to dismiss." *Freeman v. Metro. Water Reclamation Dist.*, 927 F.3d 961, 965 (7th Cir. 2019). All Plaintiff must allege is that her employer instituted a specific adverse employment action against Plaintiff on the basis of her race. *Id. See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

In support of its argument, Defendant relies on *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012), for the proposition that merely changing an employee's work schedule is not, by itself, an adverse employment action. In that case, the Seventh Circuit held that the plaintiff failed to point to any evidence suggesting that her assignment to a particular work schedule was meant to exploit her practice of attending church on Sunday mornings. *Porter*, 700 F.3d at 954. The Court emphasized that in order to constitute an adverse employment action, the action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* For example, it might be indicated by "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id., citing Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.3d 132, 136 (7th Cir. 1993).

In *Porter*, there was evidence that her employer tried to shift her schedule to resolve the conflict between church and her work schedule. *Id.* Further, the Seventh Circuit emphasized that while the plaintiff used her vacation and sick days to take off on Sundays, her own testimony was that she took those days off for medical reasons, not for church. *Id.* Therefore, because there was no evidence that the schedule change was designed to exploit a "known vulnerability," the adverse action was not actionable under Title VII. *Id.*

In this case, Plaintiff has stated that she has been subjected to constant harassment and changes to her work schedule based on her race. (Doc. 9, Ex. A at 1). Specifically, Plaintiff points to several instances where her schedule has changed. On April 7, Plaintiff

asked for a day off to accommodate her court hearing, and Shanta granted that request but asked her to go to another store to work that day, which Plaintiff did not do. (Doc. 9, Ex. A at 3). On April 15, Plaintiff asked for a day off to attend her granddaughter's ball. (*Id.*) Although initially she did not receive that day off, her manager ultimately did grant that request. (*Id.*). On April 25, Shanta told Plaintiff that she needed Plaintiff to work a different shift—from 4:00 p.m. to 9:00 p.m. instead of 2:00 p.m. to 7:00 p.m. (*Id.* at 2). Plaintiff told her that she could not work that shift on all four nights, but that she could work that shift on two of the nights. (*Id.*). After that conversation, Shanta scheduled her for those two shifts and advised Plaintiff to call the other stores for more shifts at her preferred time. (*Id.*).

At this stage, Plaintiff has sufficiently alleged enough facts to support her race-based discrimination claim. She stated that she suffered an adverse employment action—harassment and schedule changes—and stated that these actions were done because of her race. Further, she stated that her hours were decreased from 27 hours per week to 18 hours per week, and stated that the other white employees were scheduled for longer shifts. That is all she must prove at this stage. Defendant's reliance on *Porter* is misplaced because the case was dismissed at summary judgment. At this stage, however, the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458. Therefore, Plaintiff's race discrimination claim will not be dismissed.

**(4) Retaliation Claim**

Next, Defendant argues that Plaintiff has failed to sufficiently plead her retaliation claim because she did not allege how the harassment and changes to her schedule would dissuade a reasonable employee from engaging in protected activity. To succeed on a retaliation claim, Plaintiff must show that she engaged in a protected activity and that Defendants retaliated against her for that activity. *Giese v. City of Kankakee*, 71 F.4th 582, 591 (7th Cir. 2023). There must be a causal nexus between the protected activity and the retaliation. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014).

A plaintiff alleging retaliation based on protected conduct "must provide some specific description of that conduct beyond the mere fact that it is protected." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781 (7th Cir. 2007). In *Concentra Health*, the Court held that a plaintiff who did not specify the conduct that was reported to his human resources director did not meet his burden of establishing protected conduct. *Id.*

Here, Plaintiff claims Jason listened to approximately five complaints, but she does not specify whether they were her complaints or whether they were the complaints Shanta made about Plaintiff, which were mentioned in her Charge. Without more information, this allegation is insufficient to establish that Plaintiff was engaged in protected conduct. There is no indication that these complaints were what led to the retaliation, and the Charge does not indicate Plaintiff was alleging a claim of retaliation. Therefore, the retaliation claim will also be dismissed.

(5) **Leave to Amend**

Defendant further requests that Plaintiff's complaint be dismissed with prejudice. Judges ordinarily should give a *pro se* plaintiff at least one opportunity to amend a complaint unless amendment would be futile. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). For instance, if a claim is dismissed due to a failure to exhaust remedies, the dismissal is without prejudice unless it is too late to exhaust. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Likewise, where a claim is barred under the statute of limitations, an amended complaint would be futile. *King v. One Unknown Fed. Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

As discussed, Plaintiff has not exhausted her administrative remedies as to the claims against Mike, the four other employees, and Jason, or her sex/gender-based discrimination and color-based discrimination claims. As to the retaliation claim, Plaintiff's Charge did not allege retaliation, and the time to raise those claims has passed. Plaintiff alleges that the discrimination occurred on or about March and April 2017. The time to file a charge had already passed by the time her complaint was filed on June 17, 2022. Because the time has already elapsed, dismissal with prejudice is appropriate for these claims. *See Walker*, 288 F.3d at 1009. Likewise, the Section 1981 claims are time-barred by the statute of limitations, so any amendment as to those claims would also be futile. *King*, 201 F.3d at 914.

III.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 8) is GRANTED in part. The Title VII claims relating to color-based discrimination, the Title VII claims and Equal Pay Act Claims relating to sex/gender-based discrimination and retaliation, and the Section 1981 claims are dismissed with prejudice. Defendant's Motion to Dismiss (Doc. 8) is DENIED in part as to the race-discrimination claim.

ENTER: February 1, 2024

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE